**NAVAJO NATION; Navajo Nation, as parens patriae for Jeremiah Halloway; Cecelia Saunders; Bessie Begay, Plaintiffs-Appellants,**

v.

**DISTRICT COURT FOR UTAH COUNTY, FOURTH JUDICIAL DISTRICT, STATE of UTAH; Honorable David Sam; Dan and Patricia Carter, Defendants-Appellees.**

No. 85–2649.

United States Court of Appeals, Tenth Circuit.

Oct. 21, 1987.

Craig J. Dorsay (Bruce R. Greene, Greene & Mayer, Boulder, Colo., Mary Ellen Sloan, Salt Lake City, Utah, and The Navajo Nation Dept. of Justice, Window Rock, Ariz., with him, on briefs), Willner & Kelly, Portland, Or., for plaintiffs-appellants.

Stephen J. Sorenson, Asst. Atty. Gen., (David L. Wilkinson, Atty. Gen., with him, on briefs), Utah Atty. General's Office, Salt Lake City, Utah, for defendants-appellees.

Before MOORE, BARRETT, and TACHA, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

The appellants in this case, plaintiffs below, seek a determination of whether state courts or tribal courts have jurisdiction over proceedings to determine custody of a Navajo child. Parallel actions to determine the custody of a Navajo child were filed first in Utah state court and later in the Navajo tribal court. After a ruling in state court holding that the domicile of the child had shifted from the reservation to the state, thereby vesting jurisdiction in the state court, the Navajo Nation appealed to the Utah Supreme Court. During the pendency of that appeal, and following an order of the tribal court declaring its exclusive jurisdiction over the child, the plaintiffs filed this action seeking a declaratory judgment upholding the exclusive jurisdiction of the tribal court and seeking monetary damages under 42 U.S.C. § 1983. The

district court denied recovery of damages and deferred to the Utah Supreme Court on the declaratory judgment issue. *Navajo Nation v. District Court for Utah County*, 624 F.Supp. 130 (D.Utah 1985).[1] The instant appeal, seeking reversal on the declaratory judgment issue only, followed. Both parties have made plain the real purpose of this appeal is to lay to rest a continuing dispute which arises when an action to determine custody of an Indian child is filed in state court. Despite the ardent desires of the parties, the only issue before us has been mooted by the Utah ruling, leaving us unable to address their problem. We therefore affirm.

The facts and issues of this case have been fully and carefully set out by the district court in *Navajo Nation*, and we need not add to that effort. Key to disposition here is the ruling deferring to the state appellate court on the claims for declaratory relief. *Navajo Nation*, 624 F.Supp. at 134. We agree with that decision for all the reasons stated by the district court.

Although neither party called it to our attention, we now have the benefit of the state supreme court's decision to which the district court deferred. *In the Matter of the Adoption of Halloway*, 732 P.2d 962 (Utah 1986). The Utah Supreme Court determined the state's exercise of its right to decide issues of domicile brought the state into conflict with the tribe's right to determine custody of Indian children under the Indian Child Welfare Act of 1978 (ICWA), 25 U.S.C. §§ 1901–1963. In a well reasoned opinion, the court held the State of Utah cannot assert its rule for determining the domicile of a child to defeat the underlying purposes of the ICWA. Accordingly, the court decided the child in this case must be regarded as a domiciliary of the tribe. Hence, by statute, the state court lacked jurisdiction in this case. *Matter of Halloway*, 732 P.2d at 970.

Although the tribe and the state recognize the import of the Utah holding, they appeal to us on the basis that there is still a dilemma to be resolved. The Nation is anxious over the choice of forum because of a practical problem. The Nation asserts that many times State proceedings for adoption of Indian children may be properly commenced and well under way before the Nation is notified of their inception. Thus, the tribe is delayed in attempting to assert its interest in the child. Moreover, the Nation claims this assertion of state jurisdiction practically inhibits the tribe's ability to invoke the federal court jurisdiction provided by the ICWA. Thus, the Nation argues, it is entitled to a declaration that would eliminate what it perceives as an ultimate undermining of its sovereignty. The State of Utah would also like a definitive ruling from us as well.

While we recognize the sincerity of the parties and the validity of their concern, we are also mindful of the limits of our jurisdiction. We are not empowered to speak *ex cathedra* on issues simply because they are of importance. Our authority is limited to cases and controversies. U.S. Const. art. III, § 2[1]. Thus, when issues on appeal have been mooted, we lose jurisdiction. *Allen v. Wright*, 468 U.S. 737, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984); *Olin Water Services v. Midland Research Laboratories, Inc.*, 774 F.2d 303 (8th Cir.1985).

In our judgment, the district court properly perceived that the resolution of the issue of the jurisdiction of the state court by the Utah Supreme Court also resolves all of the other issues relating to the declaratory judgment claim and, perforce, those subject to our review in this matter. The declaratory judgment jurisdiction of the federal district court was invoked for a declaration of that jurisdictional issue only. The district court deferred to the state court for determination of the issue, and

---

1. Referring to the issues raised before it and not made a part of the Utah appeal, the district court held:

> [T]hose claims presented here as alleged constitutional and statutory infringements will live or die on a determination of the issue of domicile, an issue that was fully presented

and litigated in the state proceeding which is now pending before the Utah Supreme Court. Reversal on the domicile issue in state court basically would give the plaintiffs the declaratory relief they seek in this Court. *Navajo Nation*, 624 F.Supp. at 134.

we agree with that decision. Now that the question of state court jurisdiction over the child in this case has been resolved, nothing remains for litigation here since the parties have not appealed from any of the other decisions of the district court. On the grounds of lack of jurisdiction, we must decline to solve the collateral issue of the forum dilemma within the framework of this case.

AFFIRMED.